No. 25,815.

R. E. CRUMMER, *Appellee,* v. WALTER E. WILSON, *Appellant.*

SYLLABUS BY THE COURT.

1. FRAUD—*Pleading—Interpretation of Allegations.* In an action for damages for having been induced by false representations of the bank commissioner to deposit money in a bank in exchange for certificates of deposit of another bank, an allegation in the petition that the money deposited was for the use of the bank issuing the certificates and of the person who made the representations is interpreted to mean that it was to be used by the bank commissioner in his official capacity for the benefit of the bank that issued the certificates, and therefore is held not to show illegal conduct on the part of the plaintiff precluding him from recovery.

2. BANKS AND BANKING—*Control of Reserve Account—Agreement to Carry in Particular Bank.* An agreement of the bank commissioner, acting in behalf of a bank, with one who pays money in exchange for certificates of deposit of the bank, that the bank is to carry its reserve account in a particular bank, no definite period being specified, is not illegal, and one who participates in such an arrangement is not precluded on that account from recovering in an action brought by him growing out of the transaction.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed July 11, 1925. Affirmed.

*Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for the appellant.

*Clad Hamilton, Donald A. Campbell,* both of Topeka, *Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, J. G. Norton, W. E. Stanley* and *W. B. Harms,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: R. E. Crummer brought this action against Walter E. Wilson personally for damages on account of misrepresentations said to have been made while the defendant was the state bank commissioner. This appeal is from the overruling of a general de-

---

1. Fraud, 27 C. J. § 144.   2. Contracts, 13 C. J. § 429.

murrer to the petition, which sets out substantially the grounds relied upon in a suit by the same plaintiff on the defendant's official bond (*ante,* p. 68).

The present action is brought because the total damages claimed exceed the amount of the bond. The plaintiff pleads that he was induced by false representations of the defendant to invest $50,000 in certificates of deposit of the Kansas State Bank of Salina, whereby the entire amount was lost. The transaction is the same as that involved in *State Bank v. Bank Commissioner,* 110 Kan. 520, 204 Pac. 709, where it was held that the certificates were not within the protection of the bank guaranty fund.

1. The demurrer is based upon the contention that under the allegations of the petition the transaction upon which the plaintiff relies involved wrongful and illegal conduct on his own part, and for that reason the courts will grant him no relief. The pleading alleges that in return for the certificates of deposit of the Salina bank which were issued to the plaintiff he placed $50,000 in the American State Bank of Wichita "for the use of said Kansas State Bank of Salina, and of the said Wilson [the defendant]." Read literally, the meaning would seem to be that the plaintiff intended the amount he deposited in the Wichita bank, or some part of it, to be subject to use by the defendant at his own pleasure and for his own benefit. If that construction were to be adopted the defendant's contention would be sound. It receives some support from further allegations that the defendant acted for his personal profit, received credit for the sum mentioned, and never accounted to the plaintiff for the manner in which it was used. Against the demurrer, however, a liberal interpretation is proper, and the statement that the deposit in the Wichita bank was for the use of the defendant may be treated as meaning that the defendant as bank commissioner was to have control of it in that capacity for the benefit of the Salina bank. This view meets the objection referred to.

2. The demurrer is further based upon the enumeration as one of the false representations of the defendant, his statement that he would see that the reserve account of the Salina bank was maintained in the Wichita bank, which he did not do, save for a very short time. The defendant urges that a contract for carrying the reserve account in a particular bank was against public policy and illegal, and the entrance into such an arrangement was a sufficient ground for denying relief to the plaintiff. No promise to keep the

account with the Wichita bank for any definite period was alleged. An agreement by one bank to carry a deposit in another in consideration of a reciprocal favor is not unusual or unlawful. In the absence of an express provision to the contrary, a right of withdrawal upon proper occasion, such as the need of the money for other purposes or a want of solvency in the depositary bank, would be implied. (See *Mortgage Trust Co. v. Bank Commissioner*, 110 Kan. 786, 792.) ·

The overruling of the demurrer is affirmed.